UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH FALL and
STEVEN FALL,

    Plaintiffs,

v.    Case No. 07-10480
    Hon. Sean F. Cox

MNP CORPORATION,
OVIDON MANUFACTURING, L.L.C.,
and RICK VELLA,

    Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to dismiss and Defendants' Motion to dismiss Plaintiff's First Amended Complaint. Both parties have fully briefed the issues. Pursuant to E.D. Mich. LR 7.1, the Court declines to hear oral argument. For the following reasons, Defendants' Motion to dismiss is **MOOT;** Defendants' Motion to dismiss Plaintiffs' First Amended Complaint is **GRANTED** to the extent that Plaintiff alleges individual liability under Title VII; and **DENIED** with respect to a failure by Plaintiff to exhaust administrative remedies.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This action arises out of various allegations of discrimination. Plaintiff Sarah Fall was employed by Defendant Ovidon. Sarah Fall's husband is also a plaintiff in this action, but, as used in this opinion, "plaintiff" refers only to Sarah Fall. Ovidon is involved in design and

1

manufacture in the automotive industry. Plaintiff was employed as an information technology manager. Defendant Vella was Plaintiff's supervisor.

During her employment, Plaintiff contends she was sexually harassed and discriminated against. Plaintiff also claims that she inadvertently saw her supervisor Michael Staddon embracing a fellow employee. After that, Plaintiff claims Staddon retaliated against her by preventing her from communicating with other employees and harassing her. She also alleges she was forced to work in an office where carbon monoxide was being blown in from the adjacent manufacturing facility. Defendants purportedly ignored her complaints and Plaintiff was forced to drive herself to the hospital for treatment of acute carbon monoxide poisoning. Following that incident, and despite her allegedly spotless work record, Plaintiff claims she was constructively discharged.

On January 31, 2007, Plaintiff filed a Complaint alleging: (1) violation of Title VII based on gender discrimination against Defendants Ovidon and MNP, Corporation; (2) retaliation in violation of Title VII against all Defendants; (3) violation of the Elliott-Larsen Civil Rights Act ("ELCRA") based on gender discrimination against all Defendants; (4) retaliation in violation of the ELCRA against all Defendants; (5) violation of Title VII based on hostile work environment against all Defendants; and (6) violation of the ELCRA based on hostile work environment against all Defendants. Plaintiff also alleged that Steven Fall suffered a loss of consortium.

Defendants filed a Motion to dismiss based on the Original Complaint, on February 28, 2007. Defendants alleged various deficiencies in Plaintiffs' pleadings; a failure to exhaust administrative remedies; and denied that personal liability is available under Title VII against Defendant Vella. Plaintiff filed a Response alleging that the Complaint was sufficient, but

nonetheless filed a First Amended Complaint purportedly curing any deficiencies on March 5, 2007. The First Amended Complaint alleges the same counts as the Original Complaint, but cures the pleading deficiencies alleged in Defendants' Motion to dismiss. Because Plaintiff filed an Amended Complaint, Defendants' Motion to dismiss based on the Original Complaint is moot.

On March 20, 2007, Defendants filed a Motion to dismiss Plaintiffs' First Amended Complaint. In the new motion, Defendants relied on the facts set forth in their original motion and renewed their arguments with respect to: (1) Plaintiff's exhaustion of administrative remedies; and (2) Defendant Vella's personal liability under Title VII. These are the only two arguments at issue in Defendants' Motion to dismiss Plaintiff's First Amended Complaint.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

## III. ANALYSIS

### A. Vella's Liability

Defendants argue that Title VII does not authorize individual liability against a supervisor. Defendants seek dismissal of Plaintiff's claim for individual liability against Vella

under Title VII.

Plaintiff incorporates the statement of facts from her response to Defendants' Original Motion to dismiss in her Response to Defendants' Motion to dismiss the First Amended Complaint. In her original response, Plaintiff stated "Plaintiffs do not seek to impose liability on the individual supervisor Defendant Rick Vella, under Title VII, only under the [ELCRA], which authorizes liability against such an individual." [Doc. 7, p.3].

To the extent that the language used in Plaintiff's First Amended Complaint is inconsistent with her above admission, Plaintiff's claim for individual liability under Title VII against Defendant Rich Vella is dismissed.

### B. Exhaustion of Administrative Remedies

Plaintiffs seeking to bring a claim under Title VII are required to exhaust their administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *Randolph v. Ohio Department of Youth Services*, 453 F.3d 724, 731-732 (6th Cir. 2006). Assuming the EEOC or Attorney General chooses not to take action, the EEOC must issue a right to sue letter 180 days after a complainant files a charge. 42 U.S.C. § 2000e-5(f)(1). "An individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC." *EEOC v. Frank's Nursery & Crafts, Inc*., 177 F.3d 448, 456 (6th Cir. 1999).

Plaintiff completed an intake questionnaire with the EEOC on June 24, 2006. [Response, Exhibit A]. In an undated letter, the EEOC replied that it had received Plaintiff's correspondence on July 5, 2006, but that it was unable to docket a charge. [Response, Exhibit B]. The EEOC informed Plaintiff that her correspondence would be placed in the "60-day file." *Id*. On September 12, 2006, Plaintiff's counsel sent a letter informing the EEOC that Plaintiff was

4

attempting to exhaust her administrative remedies, and requesting that the EEOC issue a right to sue letter as soon as practicable pursuant to EEOC procedures and regulations. [Response, Exhibit C]. Plaintiff submitted a formal charge of discrimination to the EEOC on October 28, 2006. The EEOC issued Plaintiff a right to sue letter on January 3, 2007. [Doc. 7, Exhibit 2].

Defendants claim that despite obtaining a right to sue letter from the EEOC, Plaintiff has not exhausted her administrative remedies. The parties' dispute centers on one narrow issue, whether a plaintiff has fully exhausted her administrative remedies if the Equal Employment Opportunity Commission ("EEOC") issues a right to sue letter in less than 180 days from the filing of the charge. Defendants rely on 42 U.S.C. § 2000e-5(f)(1), in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge...the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action...the Commission...shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge...by the person claiming to be aggrieved...

Defendants argue that based on the statute, which also requires the EEOC to investigate all charges, the EEOC is not allowed to issue a right to sue letter before 180 days from the filing of the charge.

Plaintiff relies on 29 CFR § 1601.28(2), in pertinent part:

> When a person claiming to be aggrieved requests, in writing, that a notice of a right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue [a right to sue letter]...at any time prior to the expiration of 180 days from the date of filing of the charge with the Commission; provided that...it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

Defendants argue that § 1601.28(2) conflicts with § 2000e-5 and is thus invalid.

5

According to Defendants, a right to sue letter issued prior to 180 days from the filing of the charge with the EEOC does not constitute exhaustion of administrative remedies. The parties do not direct the court to any Sixth Circuit cases addressing this issue.

The parties direct the Court to several cases from other Circuits. In *Saulsbury v. Wismer and Becker, Inc.*, 644 F.2d 1251 (9th Cir. 1981), the Ninth Circuit, relying on an earlier case[1], held that the EEOC is permitted to issue an early right to sue letter because no language in § 2000e-5(f)(1) prohibits it. The Eleventh Circuit reached the same conclusion in *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994). In *Sims*, the court ruled that a complainant is not barred from bringing an action in federal district court where the EEOC issues an early right to sue letter pursuant to § 1601.28(a)(2). The court held that nothing in § 2000e-5(f)(1) prohibited early issuance of a right to sue letter. Further, the court found that the purpose of the statute is to "encourage conciliation in accordance with congressional belief that voluntary settlement, rather than litigation, is the preferred mechanism for resolving these types of disputes" and that Congress intended "that complaints be handled expeditiously." *Id*. at 1063. The court reasoned that once the EEOC determines that it is unable to process the complainant's charge within 180 days, "no legitimate purpose is served by forcing delay" and remanding a district court case to the EEOC would be "an exercise in futility." *Id*.

Unlike the Ninth and Eleventh Circuit, the Circuit for the District of Columbia found that issuance of an early right to sue letter pursuant to § 1601.28(a)(2) is contrary to Congressional intent and legislative history. *Martini v. Federal National Mortgage Association*, 178 F.3d 1336

---

[1] *Bryant v. California Brewers Association*, 585 F.2d 421 (9th Cir. 1978)(vacated and remanded on other grounds)

(D.C. Cir. 1999). In *Martini*, the court noted that although nothing in § 2000e-5(f)(1) prohibits early issuance of a right to sue letter, § 2000e-5(b) makes the EEOC's duty to investigate mandatory and without exception. The court stated that the early termination of the investigatory process allowed by § 1601.28(a)(2) could not be squared with the express direction in § 2000e-5(b) that the EEOC investigate all charges. *Id*. at 1346. The court felt that in light of the heavy caseload of the EEOC, the Congressional intent that the EEOC conduct investigations would be thwarted where the EEOC could simply certify that it is probable that it cannot complete its investigation within 180 days. Moreover, the court held that by not allowing early right to sue letters, the EEOC "would face more internal pressure, along with external pressure from complainants, to improve its investigatory capacities...[i]f such efforts proved inadequate to achieve statutory compliance, then the [EEOC] would be forced to ask Congress to appropriate additional funds." *Id*. at 1347. "Whether authorizing early private suits is preferable to enlarging the [EEOC]'s budget is a question for Congress, not the EEOC or this court...[w]e conclude only that greater compliance with the mandatory duties that Congress expressly prescribed for the EEOC in section 2000e-5(b) will occur when all complainants must wait 180 days before filing suit than when the [EEOC] may authorize them to sue earlier." *Id*.

The *Martini* court also addressed the opposite findings by the Ninth and Eleventh Circuits. The court stated that "those courts did not read section 2000e-5(f)(1) in light of section 2000e-5(b), nor did they consider the legislative history that we discovered." *Id*. at 1347-1348.

Following *Martini*, the Tenth Circuit addressed the issue in *Walker v. United Parcel Service, Inc*., 240 F.3d 1268 (10th Cir. 2001). In *Walker*, the Tenth Circuit sided with the Ninth and Eleventh Circuits and upheld § 1601.28(a)(2). The court analyzed the validity of the

regulation under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837 (1984). The first step is to determine whether the statute is ambiguous, if it is, the court should defer to the agency's interpretation of the statute so long as it is reasonable. *Walker*, 240 F.3d at 1274. The court found the statute is ambiguous as to whether or not issuance of a right to sue letter is permitted in less than 180 days from filing of a charge. The court noted that even *Martini* recognizes that the statute does not explicitly state that early issuance of a right to sue letter is prohibited. *Id.* The *Walker* court disagreed with *Martini's* holding that § 1601.28(a)(2) conflicts with § 2000e-5(b) because Congress intended the investigation of every charge. The *Walker* court points out that Congress enacted § 2000e-5(f)(1) - which set the 180 day time limit for EEOC investigations - after § 2000e-5(b) was enacted. The court further pointed out the "explicit acknowledgment in the legislative history that it will not be possible to render a decision in all cases within the time limits prescribed." *Id*. at 1275. Finding that the statute is ambiguous, the *Walker* court found that the EEOC's interpretation that early right to sue letters are permissible, as codified in §1601.28(a)(2), is reasonable. The court reiterated that even with the regulation, individuals are still required to file a charge with the EEOC, and the EEOC must investigate, unless it is unable to do so within the statutory time limit of 180 days. Moreover, Congress was aware of the regulation when it amended Title VII in 1991 but did not alter the EEOC's interpretation.

This Court must determine if § 1601.28(a)(2) is valid. Under *Chevron*, there is a two step process for reviewing the validity of an agency regulation. *Chevron, supra*. "First, we ask whether Congress has directly spoken to the precise question at issue...[i]f Congress's intent is clear, that is the end of the matter." *Wachovia Bank v. Watters*, 431 F.3d 556, 560-561 (6th Cir.

2005). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id*. Any ambiguities require the court to give "great weight" to any reasonable construction of the statutes by the agency. *Id*.

With respect to § 2000e-5(f)(1), Congress is silent on whether the EEOC may issue a right to sue letter in less than 180 days. The permissibility of such an action is ambiguous because § 2000e-5(b) requires an EEOC investigation, but § 2000e-5(f)(1) provides that the time for an investigation terminates in favor of allowing the individual to bring the action in federal court. The EEOC's interpretation of the ambiguity, as demonstrated by § 1601.28(a)(2), is that Title VII allows the EEOC to issue a right to sue letter in less than 180 days from the filing of the charge in cases where, after review, it is probable that the EEOC will not be able to complete its investigation within 180 days. This interpretation is reasonable. It is clear that Congress was concerned with the expeditious handling of charges with the EEOC, which led it to create a 180 time limit within which to investigate charges. Because it is not prohibited by statute, it is reasonable for the EEOC to dispense with waiting for 180 days to pass when it is probable upon review that the EEOC will not complete the investigation in 180 days. To require otherwise leads to unnecessary delay.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to dismiss is **MOOT;** Defendants' Motion to dismiss Plaintiffs' First Amended Complaint is **GRANTED** to the extent that Plaintiff alleges individual liability under Title VII; and **DENIED** with respect to a failure by Plaintiff to exhaust administrative remedies.

9

**IT IS SO ORDERED.**

                                        <u>S/Sean F. Cox</u>
                                        Sean F. Cox
                                        United States District Judge

Dated: May 25, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2007, by electronic and/or ordinary mail.

                                        <u>S/Timilyn M. Katsaros</u>
                                        Administrative Assistant